COBB, Judge.
Carraher appeals his conviction and sentence for aggravated assault on the ground that he had been insolvent at the time of trial and had been denied his request for appointed trial counsel. Upon appealing, Carraher was appointed appellate counsel.
Since no record had been made of the insolvency hearing, this court relinquished jurisdiction to the trial court for forty-five days so that the trial court could conduct an evidentiary hearing and make findings of fact on the record regarding Carraher’s claim of prior indigency.
The trial court held the evidentiary hearing and supplemented the appellate record with the transcript of it. However, Carraher’s appellate counsel was not notified of the hearing and apparently was not allowed to participate in it. Therefore, Carraher has moved for this court to order a second hearing at which his counsel will have the opportunity to appear.
The hearing, from which Carraher’s appellate counsel was excluded, was not a nunc pro tunc hearing. It was part of the appellate process. If Carraher had been able to hire private appellate counsel and had done so, that counsel would have been entitled to notice of any appellate proceedings. Likewise, Carraher’s appointed appellate counsel was entitled to notice and the right to appear at the evidentiary hearing that this court ordered. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Edge v. Wainwright, 347 F.2d 190 (5th Cir. 1965), cert. denied, 385 U.S. 953, 87 S.Ct. 335, 17 L.Ed.2d 231 (1966).
Accordingly, we grant the motion for a second evidentiary hearing and again relinquish jurisdiction to the trial court for forty-five days so that the trial court can conduct a properly noticed evidentiary hearing and make findings of fact on the record regarding Carraher’s claim of prior indigen-cy-
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.